**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RONALD L. CLARKE,

                Plaintiff,

vs.                                                  Case No. 3:10-cv-844-J-32JRK

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

                Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

      This cause is before the Court sua sponte. Plaintiff, through counsel, initiated this lawsuit pursuant to the Employee Retirement Income Security Act of 1974, by filing the Complaint (Doc. No. 1) on September 15, 2010. On October 22, 2010, Defendant filed its Answer (Doc. No. 12). The parties submitted the Case Management Report (Doc. No. 13) on December 1, 2010, and therein informed the Court they agreed to have this case decided on the administrative record and cross-briefs. The Honorable Timothy J. Corrigan referred this case to the undersigned for preparation of a Report and Recommendation regarding an appropriate resolution of this matter. Order of Referral (Doc. No. 14), entered December 13, 2010. The Case Management and Scheduling Order (Doc. No. 15) was entered on January 11, 2011, and it provided the following deadlines: dispositive motions or briefs due by July 15, 2011; responses to dispositive motions or briefs due by August 22, 2011; oral argument set for January 18, 2012.

---

[1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

On February 22, 2011, Plaintiff's counsel filed a Motion to Withdrawal as Counsel of Record (Doc. No. 16), which the Court granted on March 8, 2011, Order (Doc. No. 19). Because Plaintiff was then proceeding pro se, the Court entered an Order informing Plaintiff of particular procedures and reminding Plaintiff that he must comply with the deadlines previously set in this case.  Order (Doc. No. 20), entered April 8, 2011.

Defendant timely filed its Dispositive Motion for Summary Judgment with Statement of Undisputed Material Facts and Memorandum of Law in Support Thereof (Doc. No. 21) on May 24, 2011.  Upon review of the docket, the Court rescheduled oral argument for October 13, 2011.  Order (Doc. No. 23), entered May 31, 2011.  Plaintiff did not file a dispositive motion or brief, and he did not respond to Defendant's Dispositive Motion.  Accordingly, on September 16, 2011, the Court entered an Order directing Plaintiff to file a dispositive motion or brief and a response to Defendant's Dispositive Motion by September 30, 2011, and cancelling oral argument set for October 13, 2011. Order (Doc. No. 24), entered September 16, 2011.  Plaintiff was also warned that failure to file those documents could result in a recommendation that Defendant's Dispositive Motion be granted and judgment be entered in favor of Defendant.  Id.

Because Plaintiff failed to comply with those directives, a hearing was set for October 20, 2011 to discuss how the case should proceed, and Plaintiff was required to appear personally if he intended to continue prosecuting this case.  Order (Doc. No. 25), entered October 6, 2011.  Plaintiff was warned that if he failed to appear, the Court would assume he was abandoning this matter and dismissal would be contemplated.  Id.  The hearing was held on October 20, 2011.  Minute Entry (Doc. No. 26), filed October 20, 2011.  Defendant's counsel appeared telephonically as permitted, but Plaintiff failed to appear.  Id.

Following the hearing, Defendant filed a memorandum asking that this matter be dismissed with prejudice. According to Defendant,

> [D]ismissal without prejudice would be inappropriate and unfair because Plaintiff should not: (a) be permitted to essentially defeat a duly filed and meritorious summary judgment motion simply by failing to respond to it; and (b) have the opportunity to sue [Defendant] again in the future after forcing it to incur considerable expense in the defense of the instant action.

Defendant's Memorandum Regarding Status of Proceeding (Doc. No. 27; "Mem."), filed October 21, 2011, at 1-2. Defendant requests the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) "and let the dismissal stand as an adjudication on the merits." Mem. at 2.

Federal Rule of Civil Procedure 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); see also Local Rule 3.10(a) (stating, "[w]henever it appears that any case is not being diligently prosecuted" and the plaintiff fails to satisfactorily respond to an order to show cause, the Court may, on its own or on motion of any party, dismiss the case for lack of prosecution). Dismissal with prejudice should only be ordered in extreme circumstances as a "sanction of last resort." McIntosh v. Gauthier, 182 F. App'x 884, 886 (11th Cir. 2006) (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). A court should consider the record as a whole and determine "whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" Goforth, 766 F.2d at 1535 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

In McIntosh, the United States Court of Appeals for the Eleventh Circuit upheld the district court's order of dismissal with prejudice when the plaintiff failed to contact the

defendants about filing a case management report, disregarded court orders, and failed to attend two status conferences. McIntosh, 182 F. App'x at 887. The Eleventh Circuit concluded the plaintiff's noncompliance "in the face of numerous opportunities to comply shows willful contempt and supports the Magistrate Judge's finding that dismissal was an appropriate sanction." Id.; see also Goforth, 766 F.2d at 1535 (dismissing a case with prejudice because the "plaintiff's counsel engaged in a pattern of delay and deliberately refused to comply with the directions of the court" and concluding a lesser sanction would not suffice, but would only punish the defendants).

The case before the Court presents circumstances that justify the sanction of dismissal with prejudice. Plaintiff has not filed a single document or had any contact with the Court since his attorney was permitted to withdraw as counsel of record. When Plaintiff began proceeding pro se, the Court entered an Order informing Plaintiff of certain rules and procedures. All Orders were mailed to Plaintiff's address on record, and none of the Orders were returned to the Court as undeliverable. Plaintiff's repeated failure to comply with Court Orders and his complete lack of participation, especially in the hearing held in large part for his benefit, reflects his lack of desire to continue prosecuting this case.

The undersigned cannot find that a lesser sanction is warranted here. Plaintiff was given opportunities to proceed with his claim, and he was informed the Court was considering either entering judgment against him or dismissing his case. Even with these warnings, Plaintiff failed to attend the hearing held on October 20, 2011. In fact, Plaintiff has not taken any action in this matter in more than seven months. Anything other than dismissal with prejudice would in effect reward Plaintiff for failing to prosecute his case and punish Defendant, who has actively and timely participated in this matter. See Goforth, 766 F.2d at 1535. Therefore, after due consideration, it is

**RECOMMENDED**:

1. That this action be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 3.10(a), United States District Court, Middle District of Florida, for failure to prosecute.

2. That all pending motions and deadlines be **terminated as MOOT**.

3. That the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on October 26, 2011.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:

The Honorable Timothy J. Corrigan,
United States District Judge

Pro se Party

Counsel of Record